IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

VANTREASE FRAZIER                                                                                    PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 5:21-cv-7-DCB-FKB

VICTORIA CARTER, Detective                                                                        DEFENDANT

REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss or, Alternatively, Motion to Stay Proceedings ([21], [22])[1] filed by Defendant Victoria Carter, Detective. Plaintiff Vantrease Frazier filed a response [26] in opposition, and Carter filed a rebuttal ([28], [29]). Having considered the matter, the undersigned recommends that the Defendant's motion to stay [22] be granted and the motion to dismiss [21] be denied without prejudice.

Plaintiff Vantrease Frazier is a pretrial detainee incarcerated at the Pike County Jail on charges of capital murder. He is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"). Bringing this action under 42 U.S.C. § 1983, Plaintiff filed suit on January 14, 2021, and alleges that his constitutional rights were violated by Detective Victoria Carter during preliminary criminal proceedings. [11].

Plaintiff contends that on September 25, 2020, Carter swore to an affidavit that contained untruths and omitted important facts. [11] at 1-2. Carter's affidavit provides that Plaintiff "confessed to the death" of one of the victims, and a Municipal Court Judge issued a warrant for Plaintiff's arrest on September 25, 2020. *See* [21-1], [21-2]. In addition to disputing the accuracy of Carter's affidavit, Plaintiff also maintains that during a preliminary hearing on October 7, 2020, Carter intentionally withheld evidence. [11] at 1-2. According to Plaintiff, the withheld evidence

---

[1] The motions filed at [21] and [22] are identical, as are the supporting rebuttals filed at [28] and [29].

1

was a tape containing video and audio of a confession that was involuntary. *Id.* at 1. Plaintiff seemingly asserts that he has been deprived of his freedom, presumably as a result of Carter's alleged conduct, and that this deprivation amounts to denial of due process. *Id.* at 2. For relief, Plaintiff requests that all charges be dropped against him, that he be released, and that he be compensated for pain and suffering. *Id.*

In his Complaint [1], Plaintiff stated that he had not been indicted. The Court takes judicial notice, however, that Plaintiff has since been indicted for two counts of capital murder resulting from felonious child abuse, and there is an active criminal proceeding against him in the Circuit Court of Pike County, Mississippi, docketed as cause number 57CI1:21-cr-184-1. Within the past two months, Plaintiff has entered a plea of Not Guilty and has been appointed counsel by the court.

Given the current posture of the criminal action against Plaintiff, the Court finds instructive the case of *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007). In *Wallace*, the Supreme Court reasoned

> If a plaintiff files a false-arrest claim before he has been convicted (or files **any other claim related to rulings** that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and **in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.** *See id.*, at 487–488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

*Wallace* at 393-94 (emphasis added). Indeed, "[s]everal district courts within the Fifth Circuit have relied on … *Wallace* in staying § 1983 actions pending the outcome of underlying criminal proceedings." *Willis v. City of Hattiesburg*, Civil Action No. 2:14-cv-89-KS-MTP, 2015 WL 13651763, at *3 (S.D. Miss. Jan. 30, 2015) (citing *St. Cyre v. Madere*, No. 12-757, 2013 WL

5757832, at *3 (E.D. La. Oct. 23, 2013); *Iberia Texaco Foot Mart, LLC v. Ackal*, No. 6:12-1450, 2013 WL 166396, at *3-4 (W.D. La. Jan. 14, 2013); *Max-George v. Keel*, No. H-10-2015, 2010 WL 2010876, at *3-4 (S.D. Tex. May 18, 2010)).

Therefore, the undersigned recommends that Defendant's motion [22] to stay be granted, and that an order be entered (1) staying this action pending the termination of the state court criminal proceedings against Plaintiff, (2) directing the Clerk of Court to mark this action closed for statistical purposes during the pendency of the stay, (3) requiring Plaintiff to file a motion to lift the stay within 30 days of the termination of the state court criminal proceedings, and (4) denying without prejudice Defendant's motion [21] to dismiss.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served[2] with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SUBMITTED on the 10th day of February, 2022.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to Fed. R. Civ. P. 5(b)(2)(C), mailing a copy of this order to Plaintiff's last known address is sufficient to serve Plaintiff with this order. The undersigned's staff shall mail this order to Plaintiff at the last known address provided to the Court, as indicated on the Court's docket.